TRIANGLE PROPERTIES #2, LLC, Appellant, v RANJU NARANG, Respondent. [903 NYS2d 424]—

In an action, inter alia, for a judgment declaring that the plaintiff has a prescriptive easement over a certain portion of the defendant's real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Weber, J.), dated October 27, 2008, which denied its motion pursuant to CPLR 3215 for leave to enter judgment against the defendant upon the defendant's default in answering the complaint.

Ordered that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the plaintiff's motion pursuant to CPLR 3215 for leave to enter judgment against the defendant upon the defendant's default in answering the complaint is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff has a prescriptive easement over that portion of the defendant's property referred to by the parties as the curb cut strip which adjoins a portion of the plaintiff's eastern boundary.

Since July 1980, the plaintiff has been the owner of real property located at 1270-1280 Sunrise Highway in Copiague. The property is improved by a commercial building and houses two commercial tenants. The defendant is the owner of real property located at 1300 Sunrise Highway which is contiguous to the eastern boundary of the plaintiff's property. At the southwest corner of the defendant's property is a paved strip of land, including a curb cut, which adjoins a portion of the plaintiff's property (hereinafter the curb cut strip).

In or about December 2006, the defendant received municipal approval to install, inter alia, an oval curb, a planting area, and three parking spaces in or around the curb cut strip. After the installation began, the oval curb was installed, which partially obstructs ingress and egress over the curb cut strip between the plaintiff's property and Sunrise Highway. According to the plaintiff, the completed project will entirely obstruct ingress and egress between its property and Sunrise Highway.

In July 2007 the plaintiff commenced this action for declaratory and injunctive relief alleging, inter alia, that it had a prescriptive easement over the curb cut strip. Specifically, the plaintiff alleges that it, its predecessors, and their tenants have used the curb cut strip as part of the driveway located between the plaintiff's property and the defendant's property for the purpose of ingress and egress of motor vehicles. The plaintiff further alleges that this use has been continuous, open, notorious, adverse, hostile, and under claim of right for more than 10 years. By order to show cause dated July 9, 2007, the plaintiff also moved for a preliminary injunction. The Supreme Court temporarily enjoined the defendant from obstructing or blocking the curb cut strip or interfering with the plaintiff's full use of it until the return date. The parties thereafter resolved the order to show cause by stipulating, inter alia, that pending final judgment, the plaintiff's use of the curb cut strip for ingress and egress would not be obstructed or impaired.

Beginning in December 2007, the attorneys for both sides communicated with each other, apparently in an effort to amicably resolve the matter. As a result, the plaintiff's attorneys granted multiple requests from the defendant's attorneys for extensions of time to serve the answer. The final extension gave the defendant until June 16, 2008, to answer. When no answer was forthcoming, the plaintiff moved pursuant to CPLR 3215 for leave to enter judgment against the defendant. The defendant's opposition papers consisted of the affirmation of counsel based upon information and belief, and an unverified proposed answer. In the order appealed from, the Supreme Court denied the plaintiff's motion. We reverse.

On a motion for leave to enter judgment against a defendant for the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defendant's default (*see Mercury Cas. Co. v Surgical Ctr. at Milburn, LLC*, 65 AD3d 1102 [2009]; *Matone v Sycamore Realty Corp.*, 50 AD3d 978 [2008]). A verified complaint may be used as the affidavit of the facts constituting the claim (*see* CPLR 3215 [f]; *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 70 [2003]), but it must allege "enough facts to enable a court to determine that a viable cause of action exists" (*id.* at 71; *see Neuman v Zurich N. Am.*, 36 AD3d 601, 602 [2007]). Moreover, the verified complaint must contain evidentiary facts from one with personal knowledge since a pleading verified by an attorney pursuant to CPLR 3020 (d) (3) is insufficient to establish its merits (*see Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 356 [2005]; *Saks v New York City Health & Hosps. Corp.*, 302 AD2d 213 [2003]; *cf. New S. Ins. Co. v Dobbins*, 71 AD3d 652 [2010]). Where a plaintiff succeeds in establishing that a defendant is in default, the defendant must come forward with a reasonable excuse for the default and must demonstrate a meritorious defense to the action to avoid the entry of a default judgment (*see Baldwin v Mateogarcia*, 57 AD3d 594 [2008]; *Grinage v City of New York*, 45 AD3d 729, 730 [2007]; *Ennis v Lema*, 305 AD2d 632, 633 [2003]).

Here, the plaintiff established that the defendant was in default in answering. In support of its motion, it submitted, inter alia, the complaint, which was verified on personal knowledge by the plaintiff's vice-president of asset management, proof of service, and the several correspondences between counsel evidencing the multiple extensions of time to answer afforded to the defendant. The complaint alleged in detail the plaintiff's longtime ownership of its property, the defendant's ownership of the adjoining property, and the continuous, open, notorious, adverse, and hostile use of the curb cut strip for more than 10 years by the plaintiff, its tenants, and predecessors. As such, it contained enough facts to enable the Supreme Court to determine that a viable cause of action for a prescriptive easement existed (*see Walsh v Ellis*, 64 AD3d 702, 705 [2009]; *315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC*, 62 AD3d 690, 691 [2009]; *see generally Woodson v Mendon Leasing Corp.*, 100 NY2d at 71). In response, the defendant failed to demonstrate a reasonable excuse for the default and a meritorious defense. Accordingly, the Supreme Court should have granted the plaintiff's motion for leave to enter judgment against the defendant upon her default in answering (*see Zino v Joab Taxi,*

*Inc.*, 20 AD3d 521, 522 [2005]; *Juseinoski v Bd. of Educ. of the City of New York*, 15 AD3d at 356-357; *cf. Matone v Sycamore Realty Corp.*, 50 AD3d 978 [2008]).

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment declaring that the plaintiff has a prescriptive easement over that portion of the defendant's property referred to by the parties as the curb cut strip which adjoins a portion of the plaintiff's eastern boundary (*see 315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC*, 62 AD3d at 691). Fisher, J.P., Dillon, Dickerson and Eng, JJ., concur.