■ Elizabeth Jacobsen, Respondent, v S & F Service Center Co., Inc., et al., Defendants, and 6351 Metropolitan Avenue, LLC, Appellant. [15 NYS3d 149]—

In an action to recover damages for personal injuries, the defendant 6351 Metropolitan Avenue, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lebowitz, J.), entered July 8, 2014, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3215 for leave to enter judgment on the issue of liability against it upon its failure to appear or answer the complaint and, in effect, denied its cross application for leave to serve a late answer.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as denied the cross application of the defendant 6351 Metropolitan Avenue, LLC, for leave to serve a late answer is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, that branch of the plaintiff's motion which was pursuant to CPLR 3215 for leave to enter judgment on the issue of liability against the defendant 6351 Metropolitan Avenue, LLC, is denied, and the cross application of the defendant 6351 Metropolitan Avenue, LLC, for leave to serve a late answer is granted; and it is further,

Ordered that the time for the defendant 6351 Metropolitan Avenue, LLC, to serve an answer is extended until 30 days after service upon it of a copy of this decision and order; and it is further,

Ordered that one bill of costs is awarded to the defendant 6351 Metropolitan Avenue, LLC.

On January 28, 2011, the plaintiff allegedly was injured when she slipped and fell on a sidewalk in front of premises owned by the defendant 6351 Metropolitan Avenue, LLC (here-

inafter the defendant LLC). The plaintiff commenced this action on November 15, 2012, and served process upon the defendant LLC by delivering a copy of the summons and complaint to the Secretary of State on November 20, 2012. The defendant LLC did not appear or answer. On December 11, 2013, the defendant LLC received a letter from the plaintiff's attorney advising it of the commencement of this action, and that it was in default. By notice of motion dated December 16, 2013, the plaintiff moved, inter alia, for leave to enter judgment against the defendant LLC, submitting a copy of the summons and complaint, which was verified by the plaintiff's attorney, and the plaintiff's affidavit.

The defendant LLC opposed the motion and sought leave to serve a late answer. The defendant LLC claimed, inter alia, that there was an old address on file with the Secretary of State and that it was not aware of the commencement of this action prior to December 11, 2013. It further claimed that, when it finally learned of this action, the principals of the defendant LLC, who resided out-of-state, notified the Secretary of State of their change of address on December 18, 2013. The defendant LLC further claimed that the plaintiff failed to establish facts constituting a viable cause of action, and noted that the owner of a codefendant corporation claimed that he saw the plaintiff fall not in front of the property of the defendant LLC, but on the sidewalk of the adjoining property. The owner of the codefendant corporation submitted his own affidavit stating that he saw the plaintiff lying down on the sidewalk in front of the adjoining property.

In the order appealed from, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for leave to enter judgment on the issue of liability against the defendant LLC, and denied the defendant LLC's cross application for leave to serve a late answer, on the ground that the defendant LLC failed to establish either a reasonable excuse for the default or a potentially meritorious defense.

On her motion for leave to enter a default judgment pursuant to CPLR 3215, the plaintiff was required to submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant LLC's default in answering or appearing (*see* CPLR 3215 [f]; *Oak Hollow Nursing Ctr. v Stumbo*, 117 AD3d 698 [2014]; *Triangle Props. # 2, LLC v Narang*, 73 AD3d 1030, 1032 [2010]). The plaintiff was required to allege enough facts to enable the court to determine that a viable cause of action exists (*see Triangle Props. # 2, LLC v Narang*, 73 AD3d at 1032). In her

affidavit, the plaintiff stated merely that she "was caused to fall," without stating what caused her to fall. Since the plaintiff did not indicate what caused her to fall, she failed to allege enough facts in her affidavit to enable the court to determine that a viable cause of action exists (*see Atlantic Cas. Ins. Co. v RJNJ Servs., Inc.*, 89 AD3d 649 [2011]; *Fiorino v Yung Poon Yung*, 281 AD2d 513 [2001]; *cf. Triangle Props. # 2, LLC v Narang*, 73 AD3d at 1032). In addition, her complaint was verified only by her attorney, and not by a party with personal knowledge of the facts. Therefore, the complaint, by itself, was insufficient to enable the court to determine that a viable cause of action exists (*see Williams v North Shore LIJ Health Sys.*, 119 AD3d 937, 938 [2014]). Accordingly, that branch of the plaintiff's motion which was pursuant to CPLR 3215 for leave to enter judgment on the issue of liability against the defendant LLC should have been denied.

Further, under the circumstances of this case, since the defendant LLC did not receive notice of the summons in time to defend, and a potentially meritorious defense was established, the defendant LLC should have been granted leave to serve a late answer (*see* CPLR 317; *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 66 [2013]; *Franklin v 172 Aububon Corp.*, 32 AD3d 454, 455 [2006]). Leventhal, J.P., Miller, Hinds-Radix and Maltese, JJ., concur.