■ CHANDAN ROY, Appellant, v 81 E 98TH KH GYM, LLC, Doing Business as RETRO FITNESS OF BROWNSVILLE, et al., Defendants, and BERMUDA REALTY, LLC, et al., Respondents. (And Two Third-Party Actions.) [37 NYS3d 337]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Genovesi, J.), dated June 12, 2015, which denied those branches of his motion which were pursuant to CPLR 3215 for leave to enter a default judgment against the defendants Bermuda Realty, LLC, and Arthur Jurgrau, doing business as Nachman Electric, Inc., and Electrical Contractors, Inc., upon their failure to appear or answer the amended complaint, and granted the cross motion of the defendant Bermuda Realty, LLC, pursuant to CPLR 3012 (d) to compel him to accept its late answer to the amended complaint.

Ordered that the order is affirmed, with one bill of costs.

While we affirm the order appealed from, we do so on a ground not relied upon by the Supreme Court. On a motion for leave to enter a default judgment pursuant to CPLR 3215, a plaintiff is required to submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default in answering or appearing (*see* CPLR 3215 [f]; *Jacobsen v S & F Serv. Ctr. Co., Inc.*, 131 AD3d 450, 452 [2015]; *Oak Hollow Nursing Ctr. v Stumbo*, 117 AD3d 698, 698-699 [2014]; *Triangle Props. #2, LLC v Narang*, 73 AD3d 1030, 1032 [2010]). A plaintiff must allege enough facts to enable the court to determine that a viable cause of action exists (*see Jacobsen v S & F Serv. Ctr. Co., Inc.*, 131 AD3d at 452; *Triangle Props. #2, LLC v Narang*, 73 AD3d at 1032). Here, in the plaintiff's affidavit submitted in support of his motion, he stated merely that he suffered electrical burns while working as an intern for a third-party defendant, the New York City Department of Education. The plaintiff failed to allege enough facts in his affidavit to enable the court

to determine that a viable cause of action exists against either Bermuda Realty, LLC, or Arthur Jurgrau, doing business as Nachman Electric, Inc., and Electrical Contractors, Inc. (hereinafter Jurgrau) (*see Jacobsen v S & F Serv. Ctr. Co., Inc.*, 131 AD3d at 452; *Atlantic Cas. Ins. Co. v RJNJ Servs., Inc.*, 89 AD3d 649, 651 [2011]). In addition, his amended complaint was verified only by his attorney, and not by a party with personal knowledge of the facts. Therefore, the amended complaint, by itself, was insufficient to enable the court to determine that a viable cause of action exists against either Bermuda Realty, LLC, or Jurgrau (*see Jacobsen v S & F Serv. Ctr. Co., Inc.*, 131 AD3d at 452). Thus, the court correctly denied those branches of the plaintiff's motion which were pursuant to CPLR 3215 for leave to enter a default judgment against Bermuda Realty, LLC, and Jurgrau.

Furthermore, in light of the lack of prejudice to the plaintiff resulting from the delay in serving the answer to the amended complaint, the existence of a potentially meritorious defense, and the preference for resolution of cases on the merits, the Supreme Court properly granted the cross motion of Bermuda Realty, LLC, to compel the plaintiff to accept its late answer to the amended complaint (*see* CPLR 2004, 3012 [d]; *Spence v Davis*, 139 AD3d 703 [2016]; *Alonso v Lorimik Realty Corp.*, 131 AD3d 496 [2015]).

To the extent that the plaintiff raises issues concerning those branches of his motion which were for leave to enter a default judgment against the defendants 81 E 98th KH Gym, LLC, doing business as Retro Fitness of Brownsville, and East 98th Street, LLC, those branches of his motion were not decided by the Supreme Court in the order appealed from and, thus, remain pending and undecided (*see Katz v Katz*, 68 AD2d 536 [1979]). Leventhal, J.P., Roman, Sgroi and LaSalle, JJ., concur.