Curra v Brunswick Hosp. Ctr., Inc. (2018 NY Slip Op 03660)





Curra v Brunswick Hosp. Ctr., Inc.


2018 NY Slip Op 03660


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2016-09811
 (Index No. 604266/15)

[*1]Janice Curra, respondent, 
v
Brunswick Hospital Center, Inc., defendant, BH Realty Group, LLC, appellant.


Patrick F. Adams, P.C., Great River, NY (Gary A. Pagliarello of counsel), for appellant.
Stephen David Fink, Forest Hills, NY (Andrew Cohen of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant BH Realty Group, LLC, appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered August 16, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3215 for leave to enter a judgment on the issue of liability against the defendant BH Realty Group, LLC, upon that defendant's default in answering, and, in effect, denied the request of the defendant BH Realty Group, LLC, to compel the plaintiff to accept its late answer.
ORDERED that the appeal from so much of the order as, in effect, denied the request of the defendant BH Realty Group, LLC, to compel the plaintiff to accept its late answer is dismissed, as no appeal lies as of right from an order denying a motion not made on notice (see CPLR 5701[a][2]; Blam v Netcher, 17 AD3d 495, 496), and we decline to grant leave to appeal; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On February 15, 2014, the plaintiff allegedly was injured when she slipped or tripped and fell on the defendants' premises. On July 1, 2015, the plaintiff commenced an action against the defendant Brunswick Hospital Center, Inc., and on October 2, 2015, the plaintiff served the defendant BH Realty Group, LLC (hereinafter the LLC), with a supplemental summons and amended complaint adding the LLC as a party defendant. When the LLC failed to appear or answer, the plaintiff moved by notice of motion dated March 25, 2016, inter alia, for leave to enter a default judgment against the LLC. On May 26, 2016, the LLC served an answer and, thereafter, served an affirmation in opposition dated May 31, 2016. The Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the LLC. The LLC appeals.
On a motion for leave to enter a default judgment pursuant to CPLR 3215, a plaintiff is required to submit proof of service of the summons and complaint, the facts constituting the cause of action, and the defendant's default in answering or appearing (see CPLR 3215[f]; Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192, 1194; Roy v 81E98th KH Gym, LLC, 142 AD3d 985; Dupps v Betancourt, 99 AD3d 855, 855). The plaintiff satisfied that burden. The amended complaint, which was verified by the plaintiff, stated that a dangerous or hazardous condition on the premises caused the plaintiff to fall, and the occurrence was solely the result of the defendants' negligence "in the ownership, operation, maintenance and control of the aforesaid premises and without any negligence on the part of the plaintiff contributing thereto." These allegations were sufficient to enable the Supreme Court to determine that a viable cause of action existed sounding in negligence (see Jacobsen v S & F Serv. Ctr. Co., 131 AD3d 450).
DILLON, J.P., AUSTIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court