Hendeles v Preferred Contrs. Ins. Co. RRG, LLC (2018 NY Slip Op 08283)





Hendeles v Preferred Contrs. Ins. Co. RRG, LLC


2018 NY Slip Op 08283


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-07636
 (Index No. 507794/16)

[*1]Miriam Hendeles, appellant, 
v
Preferred Contractors Insurance Company RRG, LLC, respondent.


Isaac Tessler, New York, NY, for appellant.
Diane Bucci, New York, NY, for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to Montana Code § 33-18-242(1) to recover damages caused by unfair insurance claim settlement practices, the plaintiff appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated May 10, 2017. The order denied the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendant, and granted the defendant's cross motion pursuant to CPLR 2004 to extend its time to answer the complaint.
ORDERED that the order is affirmed, with costs.
On February 16, 2014, the plaintiff allegedly was injured when she slipped and fell on ice on the sidewalk in front of a building in Brooklyn. At the time, the subject premises were undergoing conversion into condominium units. Nonparty Greenfield Custom Builders, Inc. (hereinafter Greenfield), was the general contractor, and the defendant, Preferred Contractors Insurance Company RRG, LLC (hereinafter PCIC), a risk retention group chartered in Montana and registered with the New York State Insurance Department, was Greenfield's insurer. The plaintiff commenced an action against Greenfield in the Supreme Court, Kings County, and her counsel provided PCIC's claims adjuster with notice of the action on or about May 10, 2014. In September 2014, PCIC disclaimed coverage and refused to defend Greenfield. Thereafter, on April 4, 2016, the plaintiff obtained a default judgment against Greenfield in the principal sum of $2,000,000.
Shortly thereafter, the plaintiff commenced this action against PCIC pursuant to
Montana Code § 33-18-242(1), alleging that PCIC's denial of coverage violated Montana Code § 33-18-201, which prohibits certain unfair claim settlement practices. After process was served upon PCIC by means of service upon the Superintendent of the Department of Financial Services on June 6, 2016, PCIC failed to appear or answer. In August 2016, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against PCIC. PCIC opposed the motion, and cross-moved pursuant to CPLR 2004 to extend its time to answer the complaint. The Supreme Court denied the plaintiff's motion and granted PCIC's cross motion. The plaintiff appeals.
On a motion for leave to enter a default judgment pursuant to CPLR 3215, a plaintiff is required to submit evidence of service of the summons and complaint, the facts constituting the cause of action, and the defendant's default in answering or appearing (see CPLR 3215[f]; Roy v 81E98th KH Gym, LLC, 142 AD3d 985; Jacobsen v S & F Serv. Ctr. Co. Inc., 131 AD3d 450, 451). "A plaintiff must allege enough facts to enable the court to determine that a viable cause of action exists" (Roy v 81E98th KH Gym, LLC, 142 AD3d at 985; see Jacobsen v S & F Serv. Ctr. Co. Inc., [*2]131 AD3d at 452).
Here, the plaintiff's motion papers failed to allege sufficient facts to determine whether a viable cause of action exists, as nothing was offered to show that PCIC engaged in any unfair claim settlement practice prohibited by Montana Code § 33-18-201—which is necessary in order to establish the plaintiff's entitlement to damages under Montana law (see Montana Code § 33-18-242[1], [4]).
Therefore, we agree with the Supreme Court's denial of the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against PCIC (see Kwang Bok Yi v Open Karaoke Corp., 161 AD3d 969; Roy v 81E98th KH Gym, LLC, 142 AD3d at 986; Jacobsen v S & F Serv. Ctr. Co. Inc., 131 AD3d at 451-452).
Turning to PCIC's cross motion to extend its time to answer the complaint, the relevant inquiry is whether PCIC showed good cause for the relief sought (see CPLR 2004). Given the strong public policy favoring the resolution of cases on the merits, the Supreme Court has discretion to permit the filing of an untimely answer "where the record demonstrates that there was only a short delay in appearing or answering the complaint, that there was no willfulness on the part of the defendant, that there would be no prejudice to the plaintiff, and that a potentially meritorious defense exists" (Baldwin Rte. 6, LLC v Bernad Creations, Ltd., 158 AD3d 659, 659-660 [internal quotation marks omitted]).
Here, in light of PCIC's brief and unintentional delay in responding to the complaint, the lack of prejudice to the plaintiff, and the existence of a potentially meritorious defense (see Montana Code § 33-18-242[5]), the Supreme Court providently exercised its discretion in granting PCIC's cross motion pursuant to CPLR 2004 to extend its time to answer the complaint (see Baldwin Rte. 6, LLC v Bernad Creations, Ltd., 158 AD3d at 600; Klemm v Boscia, 262 AD2d 534).
CHAMBERS, J.P., SGROI, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court