Scaltrito v Mazzarisi (2024 NY Slip Op 51650(U))

[*1]

Scaltrito v Mazzarisi

2024 NY Slip Op 51650(U)

Decided on December 9, 2024

Supreme Court, Richmond County

Castorina, Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 9, 2024
Supreme Court, Richmond County

Marietta Scaltrito and ALEXANDER J. SCALTRITO, 
 as Co-Executors of the Estate of FRANCIS SCALTRITO, Deceased, Plaintiffs,

against
Marie Mazzarisi, Defendant.

Index No. 151988/2022

Attorney for the Plaintiffs
Glen Devora, Esq.
Jonathan D'agostino & Associates, P.C. 
3309 Richmond Avenue
Staten Island, NY 10312 
Phone: (718) 967-1600 
E-mail: gdevora@daglawteam.com
Attorney for the Defendant
Hugh J. Larkin, Esq.
Mccabe Collins Mcgeough Fowler Levine & Nogan, LLP 
30 Jericho Executive Plaza, Suite 400C
Jericho, NY 11753 
Phone: (516) 741-6266 
E-mail: Hlarkin@mcmflaw.com

Ronald Castorina, Jr., J.

The following e-filed documents listed on NYSCEF (Motion No. 002) numbered 32, 34-37, 55 and (Motion No. 003) numbered 38-54, 56-59 were read on this motion.
Upon the foregoing documents, and after oral argument conducted on November 6, 2024, [*2]on Motion Sequence No. 002 and Motion Sequence No. 003, Motion Sequence No. 002, and Motion Sequence No. 003 are resolved and therefore, it is hereby,
ORDERED, that Plaintiffs' request in Motion Sequence No. 002 for summary judgment as a matter of law on the issue of liability pursuant to CPLR § 3212 is DENIED; and it is further,
ORDERED, that Defendant's request in Motion Sequence No. 003 for summary judgment dismissing the matter as Plaintiff has failed to meet the "serious injury" threshold pursuant to Insurance Law § 5102 and Insurance Law § 5104 is DENIED, with prejudice; and it is further,
ORDERED, that counsel shall appear for a conference on the next appearance date of January 7, 2025, at 9:30 AM, at the Courthouse located at 26 Central Avenue, Courtroom 330, Staten Island, NY; and it is further,
ORDERED, that the Clerk of the Court shall enter judgment accordingly.
 Memorandum Decision

 I. Procedural History
On or about October 29, 2022, Plaintiff commenced this negligence action to recover for personal injuries allegedly sustained by the Plaintiff from a motor vehicle accident on November 19, 2019. On February 1, 2023, Defendant filed an answer. On December 26, 2023, a Bill of Particulars was filed. A stipulation between the parties to amend the pleadings was filed on December 20, 2023, permitting the Plaintiff to amend the complaint and amend the caption to replace Marietta Scaltrito and Alexander J. Scaltrito, as Co-Executors of the Estate of Francis Scaltrito, Deceased, as Plaintiffs. Francis Scaltrito is hereinafter referred to as Decedent. Plaintiffs filed an amended complaint on January 11, 2024, and Defendant filed an amended answer on January 23, 2024.
Plaintiffs filed Motion Sequence No. 002 by Notice of Motion on August 26, 2024, seeking (a) summary judgment pursuant to CPLR § 3212 on the issue of liability on the ground that there are no triable issues of fact and that, as a matter of law, plaintiff is entitled to judgment on liability; and upon granting partial summary judgment as aforesaid, setting this matter down for an assessment of damages pursuant to CPLR § 3212 [c] and (b) for such further relief as this court deems just and proper.
Defendant filed opposition to Motion Sequence No. 002 on September 9, 2024. Plaintiffs waived reply on the record on November 6, 2024.
Defendant filed Motion Sequence No. 003 by Notice of Motion on September 9, 2024, seeking (a) summary judgment pursuant to CPLR § 3212 in dismissing Plaintiffs' Complaint based on the grounds that Plaintiffs have failed to satisfy the no-fault threshold of Insurance Law § 5102 and Insurance Law § 5104 and (b) for such other and further relief as this Court may deem just and proper.
Plaintiffs filed opposition to Motion Sequence No. 003 on October 18, 2024. Defendant filed reply on October 29, 2024. Oral argument was completed on Motion Sequence No. 002 and Motion Sequence No. 003 on November 6, 2024.

II. Facts
On November 19, 2019, at approximately 5:00 PM, Decedent's vehicle and Defendant's vehicle were traveling on Richmond Avenue towards Drumgoole Road. (NY St Cts Filing [NYSCEF] Doc No. 35 at pages 12-14). At the time the Defendant's vehicle made contact with the Decedent's vehicle, Decedent's vehicle was stopped, and Defendant was applying the brake. (see id at page 15-16). Defendant testified that the front of her car made contact with the center of the trunk of the Decedent's car. (see id at pages 14-15). Defendant describes the contact with the Decedent's car as a tap causing a dent in Decedent's trunk. (see id at page 17).
Plaintiffs contend that the impact of the Defendant's vehicle caused the Decedent serious injuries. Decedent passed away from cancer on January 13, 2023. (NY St Cts Filing [NYSCEF] Doc No. 40 at page 15, lines 2-6). This action is brought by the executor of the Decedent's estate.
Plaintiff, Marietta Scaltrito, testified that her brother, the Decedent, was able to drive home after the accident. (see id at page 13, lines 8-10). Plaintiff, Marietta Scaltrito, was questioned whether Decedent made any complaints of pain at the time she was told about the accident and responded, "I remember him just being totally ticked off. That is all." (see id at page 16, lines 15-19).
Plaintiff, Marietta Scaltrito, further testified,
Q. After the accident, at any point, did your brother make any physical complaints of pain or anything like that?
A. Yes. He was saying that his back bothered him, and he was going to a doctor.
Q. Did he tell you the name of the doctor?
A. No. (see id at page 17, lines 3-11).
Q. After the accident, did your brother have any bandages or braces or appliances that he used for the injuries or complaints that he sustained in this accident?
A. No. I  he just went to the doctors. I know he went to the chiropractor, but he had been going to the chiropractor for quite some time, up until he was diagnosed with the cancer and then once the chemo and the radiation  he just didn't have the stamina to go anywhere so he stopped.
Q. When you say he had been going to the chiropractor for quite some time, had he gone before this accident, if you know?
A. No. I meant since the accident. Like I said, there was nothing wrong with him, so he never really went. He didn't go to doctors very much except for pulmonary because of the COPD. He had a tendency to get bronchitis. Nothing to do with his back or anything.
Q. To your knowledge, was your brother confined to the house for any period of time after this accident?
A. No, not really. I mean, he was in some type of pain especially going up and down the stairs. Since he only went up once at night, then came down in the morning, it was tolerable.
Like I said, there was only one step to go outside, so it was no big deal. (see id at pages 20-22).
On November 22, 2019, Decedent sought treatment by a chiropractor. (NY St Cts Filing [NYSCEF] Doc No. 58). Decedent complained of constant sharp pain on a scale of 7-10. (see id). Decedent further alleged that this pain was caused by the accident and interfered with his sleep, daily routine, recreation, his ability to sit, walk, bend, and lie down. Decedent also reported suffering from other medical conditions including arthritis, four degenerated discs on his right side, and hernia. (see id).
On August 26, 2024, Plaintiffs filed Motion Sequence No. 002 by Notice of Motion seeking summary judgment pursuant to CPLR § 3212 on the issue of liability. Plaintiff included Exhibit "A", a transcript of the EBT of the Defendant, Marie Mazzarisi, which was conducted via video conference on June 14, 2024, at 2:00 PM. (NY St Cts Filing [NYSCEF] Doc No. 32 ap pages 10-48). The copy of the deposition was unsigned by the Defendant but was signed and notarized as an original transcript by the notary public present at the time of the EBT. (see id at page 40). Plaintiff further included Exhibit "B", a transcript of the EBT of the Plaintiff, Marietta Scaltrito, which was conducted via video conference on April 24, 2024. (see id at page 50-88). The copy of the deposition was unsigned by the Plaintiff, Marietta Scaltrito, but was signed and notarized as an original transcript by the notary public present at the time of the EBT. (see id at page 79).
On September 9, 2024, Defendant filed Motion Sequence No. 003 by Notice of Motion seeking summary judgment pursuant to CPLR § 3212 in dismissing Plaintiffs' Complaint based on the grounds that Plaintiffs have failed to satisfy the no-fault threshold of Insurance Law § 5102 and Insurance Law §5104. Defendant included Exhibit "A", a transcript of the EBT of the Plaintiff, Marietta Scaltrito, which was conducted via video conference on April 24, 2024. (NY St Cts Filing [NYSCEF] Doc No. 40). The copy of the deposition was unsigned by the Plaintiff, Marietta Scaltrito, but was signed and notarized as an original transcript by the notary public present at the time of the EBT. (see id at page 30).
Defendant also submitted Exhibit "I", a transcript of the EBT of the Defendant, Marie Mazzarisi, which was conducted via video conference on June 14, 2024. (NY St Cts Filing [NYSCEF] Doc No. 48). The copy of the deposition was unsigned by the Defendant but was signed and notarized as an original transcript by the notary public present at the time of the EBT. (see id at page 31).
Defendant further submitted Exhibit "N", a transcript of the EBT of the Plaintiff, Alexander J. Scaltrito, which was conducted via video conference on April 24, 2024. (NY St Cts Filing [NYSCEF] Doc No. 53). The copy of the deposition was unsigned by the Defendant but was signed and notarized as an original transcript by the notary public present at the time of the EBT. (see id at page 22).

 III. Deposition Transcripts
a. EBT of Plaintiff, Alexander J. Scaltrito
Plaintiff contends that the Defendant's motion should be denied without even examining Plaintiff's opposition as the Defendant has not met its burden in that "A motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions" (see Poon v Nisanov, 162 AD3d 804 [2d Dept 2018] quoting CPLR § 3212 [b]). "The moving party's submissions must show 'that there is no defense to the cause of action or that the cause of action or defense has no merit'" (see id). "To defeat summary judgment, the nonmoving party need only rebut the prima facie showing made by the moving party so as to demonstrate the existence of a triable issue of fact" (see id citing Alvarez v. Prospect Hosp., 68 NY2d 320 [1986]; Stukas v. Streiter, 83 AD3d 18 [2d Dept 2011]).
Plaintiff contends that annexed to Defendant's Motion Sequence No. 003 as Exhibit "A" and Exhibit "N" are the deposition transcripts of Plaintiffs. The transcripts are notarized by the notary public present at the time of the EBT, not signed by their respective Plaintiffs and no [*3]evidence has been provided that the transcripts were mailed to the witnesses.
Pursuant to CPLR § 3116 [a], before its use, the transcript of the deposition of a deponent must be provided to the deponent for his or her review and signature, and any changes in form or substance desired by the deponent shall be recorded. If a deponent refuses or fails to sign his or her deposition under oath within 60 days, it may be used as if fully signed. The party seeking to use an unsigned deposition transcript bears the burden of demonstrating that a copy of the transcript had been submitted to the deponent for review and that the deponent failed to sign and return it within 60 days (see Franzese v Tanger Factory Outlet Ctrs., Inc., 88 AD3d 763 [2d Dept 2011] citing Pina v Flik Intl. Corp., 25 AD3d 772 [2d Dept 2006]; Palumbo v Innovative Communs. Concepts, 175 Misc 2d 156 [Sup Ct, New York County 1997], affd Palumbo v Innovative Commun. Concepts Inc., 251 AD2d 246 [1st 1998]).
Defendant has not submitted any evidence demonstrating Defendant's compliance with CPLR § 3116 [a] as pertaining to Motion Sequence No. 003, Defendant Exhibit "A", EBT of the Plaintiff, Marietta Scaltrito, and Defendant Exhibit "N", EBT of the Plaintiff, Alexander J. Scaltrito. Accordingly, Motion Sequence No. 003, Defendant "N" EBT of the Plaintiff, Alexander J. Scaltrito, is therefore inadmissible.

 b. EBT of Plaintiff, Marietta Scaltrito, and EBT of the Defendant, Marie Mazzarisi
The transcript of the EBT of the Plaintiff, Marietta Scaltrito, which was notarized by the notary public present at the time of the EBT, but not signed by the Plaintiff and no evidence has been provided that the transcript was mailed to the Plaintiff, was submitted on Plaintiff Motion Sequence No. 002 as Plaintiff's Exhibit "B" and on Defendant Motion Sequence No. 003 as Exhibit "A".
The unsigned but certified deposition of the Plaintiff, Marietta Scaltrito, which was submitted in support of the Plaintiff's Motion Sequence No. 002 for summary judgment as Exhibit "B", is admissible under CPLR § 3116 [a], since the transcript was submitted by the party deponent herself and, therefore, was adopted as accurate by the deponent. (see Rodriguez v Ryder Truck, Inc., 91 AD3d 935 [2d Dept 2012] citing Ashif v Won Ok Lee, 57 AD3d 700 [2d Dept 2008]). Accordingly, Plaintiff Motion Sequence No. 002 Exhibit "B" and Defendant Motion Sequence No. 003 Exhibit "A" are admissible.
The transcript of the EBT of the Defendant, Marie Mazzarisi, which was notarized by the notary public present at the time of the EBT, but not signed by the Defendant and no evidence has been provided that the transcript was mailed to the Defendant, was submitted on Plaintiff Motion Sequence No. 002 as Plaintiff's Exhibit "A" and as Defendant's opposition as Exhibit "A", and on Defendant Motion Sequence No. 003 as Exhibit "I".
The unsigned but certified deposition of the Defendant, Marie Mazzarisi, submitted in support of the opposition to Plaintiff's Motion Sequence No. 002 and in support of Defendant's Motion Sequence No. 003 for summary judgment, is admissible under CPLR § 3116 [a], since the transcript was submitted by the party deponent herself and, therefore, was adopted as accurate by the deponent. (see Rodriguez v Ryder Truck, Inc., 91 AD3d 935 [2d Dept 2012] citing Ashif v Won Ok Lee, 57 AD3d 700 [2d Dept 2008]). Accordingly, Plaintiff Motion Sequence No. 002 Exhibit "A" and Defendant Motion Sequence No. 003 Exhibit "I" are admissible.

IV. Summary Judgment on Liability
"Summary judgment is designed to expedite all civil cases by eliminating from the Trial Calendar claims which can properly be resolved as a matter of law. Since it deprives the litigant of his day in court it is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues" (see Andre v. Pomeroy, 35 NY2d 361 [1974] citing Millerton Agway Cooperative, Inc. v. Briarcliff Farms, Inc., 17 NY2d 57 [1966]).
"A motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions" (see Poon v Nisanov, 162 AD3d 804 [2d Dept 2018] quoting CPLR § 3212 [b]). "The moving party's submissions must show 'that there is no defense to the cause of action or that the cause of action or defense has no merit'" (see id). "To defeat summary judgment, the nonmoving party need only rebut the prima facie showing made by the moving party so as to demonstrate the existence of a triable issue of fact" (see id citing Alvarez v. Prospect Hosp., 68 NY2d 320 [1986]; Stukas v. Streiter, 83 AD3d 18 [2d Dept 2011]).
"On a motion for summary judgment, facts must be viewed 'in the light most favorable to the non-moving party'" (see Shabat v State of New York, 177 AD3d 1009 [2d Dept, 2019] quoting Vega v Restani Constr. Corp., 18 NY3d 499 [2012]; Ortiz v. Varsity Holdings, LLC, 18 NY3d 335 [2011]).
Defendant testified that at the time of the accident, the Defendant was moving (NY St Cts Filing [NYSCEF] Doc No. 32 at page 14, lines 6-8) and the Decedent was stopped (see id at page 15, lines 13-16). At the moment of impact Defendant testified that her foot was on the brake, and she did not remember the approximate speed that her vehicle was traveling. (see id at page 15-16).
"A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (see Catanzaro v Edery, 172 AD3d 995 [2d Dept 2019] quoting Arslan v Costello, 164 AD3d 1408 [2d Dept 2018]; citing Edgerton v City of New York, 160 AD3d 809 [2d Dept 2018]).
"On a motion for summary judgment, the moving party has the initial burden of coming forward with sufficient proof in admissible form to enable the court to determine that it is entitled to judgment as a matter of law" (see Rosa v. Gordils, 211 AD3d 1060 [2d Dept 2022] quoting Gesuale v Campanelli & Assoc., P.C., 126 AD3d 936 [2d Dept 2015]).
A rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the rearmost vehicle, imposing a duty of explanation on that operator to excuse the collision either through a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on a wet pavement, or any other reasonable cause (see Filippazzo v Santiago, 277 AD2d 419 [2d Dept 2000] quoting Power v Hupart, 260 AD2d 458 [2d Dept 1999]; citing Leal v Wolff, 224 AD2d 392 [2d Dept 1996]; Barile v Lazzarini, 222 AD2d 635 [2d Dept 1995]).
When a driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle (see id citing Power v Hupart, 260 AD2d 458 [2d Dept 1999]; Abramowicz v Roberto, 220 AD2d 374 [2d Dept 1995]).
In addition, Vehicle and Traffic Law § 1129 [a] requires a driver to maintain a safe distance between vehicles: "The driver of a motor vehicle shall not follow another [*4]vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." Moreover, "drivers have a 'duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident'" (see id quoting Johnson v Phillips, 261 AD2d 269 [1st Dept 1999] quoting Deangelis v Kirschner, 171 AD2d 593 [1st Dept 1991]).
Notwithstanding the foregoing, Plaintiffs provided two exhibits in support of their motion for summary judgment on the issue of liability to wit: Exhibit "A", transcript of the EBT of the Defendant, Marie Mazzarisi and Exhibit "B", the EBT of the Plaintiff, Marietta Scaltrito. Defendant contends that Plaintiffs' Motion Sequence No. 002 does not contain the pleadings necessary for contemplation by this Court. Defendant further contends that a review of the pleadings on file on NYSCEF show that neither the Summons and Complaint filed, October 29, 2022, nor the Bill of Particulars filed December 26, 2023, are verified. Defendant Maintains that these are two requirements that are unmet by Plaintiffs' Motion Sequence No. 002 for Summary Judgment pursuant to CPLR § 3212.
CPLR § 3212 [b] requires that:
"[A] motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions. The affidavit shall be by a person having knowledge of the facts; it shall recite all the material facts; and it shall show that there is no defense to the cause of action or that the cause of action or defense has no merit." (see CPLR § 3212 [b]).
Furthermore, CPLR § 2214 [c], provides
Furnishing papers to the court. Each party shall furnish to the court all papers served by that party. The moving party shall furnish all other papers not already in the possession of the court necessary to the consideration of the questions involved. Except when the rules of the court provide otherwise, in an e-filed action, a party that files papers in connection with a motion need not include copies of papers that were filed previously electronically with the court, but may make reference to them, giving the docket numbers on the e-filing system. Where such papers are in the possession of an adverse party, they shall be produced by that party at the hearing on notice served with the motion papers. Only papers served in accordance with the provisions of this rule shall be read in support of, or in opposition to, the motion, unless the court for good cause shall otherwise direct. (see CPLR § 2214 [c]).
The complaint, cited by the Plaintiffs in Motion Sequence No. 002, filed in this action by the Plaintiff on October 29, 2022, is verified by Plaintiffs' counsel and not by the Decedent. (NY St Cts Filing [NYSCEF] Doc No. 1). "[A]lthough a verified complaint 'may be used as the affidavit of the facts constituting the claim,' the complaint 'must contain evidentiary facts from one with personal knowledge since a pleading verified by an attorney pursuant to CPLR § 3020 [d] [3] is insufficient to establish its merits'" (see Pemberton v Montoya, 216 AD3d 988 [2d Dept 2023] quoting Triangle Props. # 2, LLC v Narang, 73 AD3d 1030 [2d Dept 2010]; citing Roy v 81 E 98th KH Gym, LLC, 142 AD3d 985 [2d Dept 2016]; Jacobsen v S & F Serv. Ctr. Co., Inc., 131 AD3d 450 [2d Dept 2015]; Salch v Paratore, 60 NY2d 851 [1983]). Since the complaint in this case was verified only by the Plaintiffs' attorney, and not by the Decedent, the Plaintiffs cannot rely on its contents to supply proof of the facts constituting the claim. (NY St Cts Filing [NYSCEF] Doc No. 1).
Similarly, the verified bill of particulars, also cited by Plaintiffs in their papers, filed on [*5]December 26, 2023, is also verified only by Plaintiffs' counsel (NY St Cts Filing [NYSCEF] Doc No. 17), and not by the Decedent, the Plaintiffs cannot rely on its contents to supply proof of the facts constituting the claim.
"An attorney's affirmation that is not based upon personal knowledge is of no probative or evidentiary significance" (see Warrington v Ryder Truck Rental, Inc., 35 AD3d 455 [2d Dept 2006] citing JMD Holding Corp. v Cong. Fin. Corp., 4 NY3d 373 [2005]; Zuckerman v New York, 49 NY2d 557 [1980]; Palo v Principio, 303 AD2d 478 [2d Dept 2003]; Hirsch v Morgan Stanley & Co., 239 AD2d 466 [2d Dept 1997]).
Although not cited by the Plaintiff, the NYSCEF electronic file includes the supplemental summons and amended verified complaint, filed on January 11, 2024, (NY St Cts Filing [NYSCEF] Doc No. 19) is verified by the Plaintiffs, Marietta Scaltrito, and Alexander J. Scaltrito, "[W]here a motion for summary judgment is based solely upon an affidavit of someone with no personal knowledge of the facts, that circumstance generally presents only a ground for the denial of summary judgment" (see GMAC Mtge., LLC v Bisceglie, 109 AD3d 874 [2d Dept 2013] citing HSBC Mtge. Corp. (USA) v Gerber, 100 AD3d 966 [2d Dept 2012]).
"[T]he existence of a factual issue may not be established by the hearsay information of one who had no personal knowledge of the facts" (see Young v Fleary, 226 AD2d 454 [2d Dept 1996] citing Eddy v Tops Friendly Markets, 59 NY2d 692 [1983]; Siegel v Terrusa, 222 AD2d 428 [2d Dept 1995]).
The only evidence submitted by the Plaintiff that provides any personal knowledge of the facts of the accident is the Defendant's deposition. Defendant describes the contact with the Decedent's car as a tap causing a dent in Decedent's trunk. (NY St Cts Filing [NYSCEF] Doc No. 35 at page 17). "On a motion for summary judgment, facts must be viewed 'in the light most favorable to the non-moving party'" (see Shabat v State of New York, 177 AD3d 1009 [2d Dept, 2019] quoting Vega v Restani Constr. Corp., 18 NY3d 499 [2012]; Ortiz v. Varsity Holdings, LLC, 18 NY3d 335 [2011]).
"A motion for summary judgment 'shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party'" (see Swain v Rahman, 2024 NYAppDiv LEXIS 6412 [2d Dept 2024] citing CPLR § 3212 [b]; Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Bank of NY Mellon v Gordon, 171 AD3d 197 [2d Dept 2019]).
Such a motion must be supported "by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions" (CPLR § 3212 [b]). To make a prima facie showing, the moving party must "demonstrate its entitlement to summary judgment by submission of proof in admissible form" (see id quoting Viviane Etienne Med. Care v Country-Wide Ins. Co., 25 NY3d 498 [2015]; citing Zuckerman v New York, 49 NY2d 557 [1980]).
"Admissible evidence may include affidavits by persons having knowledge of the facts and reciting the material facts" (see id citing CPLR § 3212 [b]; Viviane Etienne Med. Care v Country-Wide Ins. Co., 25 NY3d 498 [2015]; GTF Marketing, Inc. v Colonial Aluminum Sales, Inc., 66 NY2d 965 [1985]).
Here, in support of Plaintiffs' motion for summary judgment on the issue of liability against the Defendant, the Plaintiffs submitted only Exhibit "A", transcript of the EBT of the Defendant, Marie Mazzarisi and Exhibit "B", the EBT of the Plaintiff, Marietta Scaltrito. Plaintiff, Marietta Scaltrito has no personal knowledge of the facts of the accident and her EBT [*6]is insufficient. Defendant describes the contact with the Decedent's car as a tap causing a dent in Decedent's trunk. Defendant's testimony must be viewed in the light most favorable to the Defendant as the non-moving party (see Shabat v State of New York, 177 AD3d 1009 [2d Dept, 2019] quoting Vega v Restani Constr. Corp., 18 NY3d 499 [2012]; Ortiz v. Varsity Holdings, LLC, 18 NY3d 335 [2011]) and is insufficient in and of itself to establish liability.
Plaintiffs failed to include any pleadings as exhibits, but even a review of the entire NYSCEF file pursuant to CPLR § 2214 [c] and consideration of the complaint, only verified by Plaintiffs' counsel (NY St Cts Filing [NYSCEF] Doc No. 1), the verified bill of particulars, also only verified by Plaintiffs' counsel (NY St Cts Filing [NYSCEF] Doc No. 17) and the supplemental summons and amended verified complaint, only verified by the Plaintiffs, Marietta Scaltrito, and Alexander J. Scaltrito, (NY St Cts Filing [NYSCEF] Doc No. 19), Plaintiffs' have failed to provide any pleadings verified by any party, who had no personal knowledge of the facts.
Accordingly, Plaintiffs have failed to establish their entitlement to summary judgment as a matter of law on the issue of liability against the Defendant pursuant to CPLR § 3212 and Motion Sequence No. 002 is DENIED.

 V. Summary Judgment on Damages
Defendant has the prima facie burden of demonstrating that the Decedent did not sustain a serious injury within the meaning of Insurance Law § 5102 [d] as a result of the accident (see Menjivar v. Capers, 214 AD3d 640 [2d Dept 2023] citing Toure v. Avis Rent a Car Sys., 98 NY2d 345 [2002]; Gaddy v. Eyler, 79 NY2d 955 [1992]).
"Serious injury" means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment. (see CLS Ins § 5102 [d])
Defendants must submit competent medical evidence establishing, prima facie, that Plaintiff did not sustain serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 [d] (see id citing Zennia v. Ramsey, 208 AD3d 735 [2d Dept 2022]; Reddick v. Hickey, 197 AD3d 581 [2d Dept 2021]; Singleton v F & R Royal, Inc., 166 AD3d 837 [2d Dept 2018]; Nuñez v Teel, 162 AD3d 1058 [2d Dept 2018]).
Applying what could be gleaned from the legislative intent, the Court of Appeals, analyzing the word "significant," wrote that "the word 'significant' as used in the statute pertaining to 'limitation of use of a body function or system' should be construed to mean something more than a minor limitation of use. We believe that a minor, mild or slight limitation of use should be classified as insignificant within the meaning of the statute" (see Grossman v. Wright, 268 AD2d 79 [2d Dept 2000] quoting Licari v. Elliott, 57 NY2d 230 [1982]).
"[T]he legislative intent of the 'no-fault' legislation was to weed out frivolous claims and [*7]limit recovery to major or significant injuries. In that regard, summary judgment should be granted in cases where the plaintiff's opposition is limited to 'conclusory assertions tailored to meet statutory requirements'" (see id quoting Lopez v. Senatore, 65 NY2d 1017 [1985]; citing Carroll v. Jennings, 264 AD2d 494 [2d Dept 1999]).
"[S]erious injury is a requirement in actions which seek damages pursuant to Insurance Law § 5104, and thus a necessary element of a prima facie case thereunder (see Abbas v Cole, 44 AD3d 31 [2d Dept 2007]).
The Decedent passed away before depositions were held and prior to the defense conducting an IME. Defendant may rely on uncertified medical records of the Decedent from the Decedent's treating physician to demonstrate a lack of serious injury. (see Uribe v Jimenez, 133 AD3d 844 [2d Dept 2015]). "[C]onsideration of a plaintiff's unsworn medical report submitted in support of a defendant's motion for summary judgment, based on the plaintiff's failure to establish "serious injury", fosters the expeditious disposition of these cases, and is perfectly harmonious with the principle that the "serious injury" threshold "is a threshold imposed solely on plaintiff" (see Pagano v Kingsbury, 182 AD2d 268 [2d Dept 1992] quoting Licari v Elliott, 57 NY2d 230 [1982]).
Defendant submits the testimony of Plaintiff, Marietta Scaltrito, who testified that after the accident the Decedent had difficulties with going up and down stairs (NY St Cts Filing [NYSCEF] Doc No. 40 at page 25, lines 3-9) and was no longer able to take long walks that had been part of his daily activities prior to the accident. (see id at pages 25-26). Defendant further contends that the subject accident was not responded to by emergency personnel or police. (NY St Cts Filing [NYSCEF] Doc No. 48 at pages 17-19).
Defendant submitted medical records relating to treatment Decedent received for a 2015 fall, including the Decedent's report from an MRI on October 26, 2015. (NY St Cts Filing [NYSCEF] Doc No. 52).
Defendant further submits the treatment records from the Decedent's Chiropractor Steven Mendola, DC, which indicate, that three days after the accident, the Decedent sought treatment on November 22, 2019. (NY St Cts Filing [NYSCEF] Doc No. 49). Decedent followed up with Dr. Mendola on November 27, 2019, December 18, 2019, December 23, 2019, March 16, 2020, March 23, 2020, May 18, 2020, May 27, 2020, June 3, 2020, July 13, 2020, and April 14, 2021. (see id). Dr. Mendola's notations record the Decedent's complaints of continuing neck and back pain as well as difficulties with normal activities and interruption of sleep due to the pain. (see id). Decedent's treatment records from Dr. Mendola further indicate reduced ranges of motion and with the accompaniment pain. (see id).
On July 21, 2020, had an MRI which revealed
At L1/2, there is a new broad posterior subligamentous disc herniation with increasing ventral thecal sac impression and increasing peripheral disc encroachment into the left more than right neural foramen which is now abutting the left L1 nerve root.
At L2/3, there is again a broad disc herniation with broad impression on the ventral margin of the thecal sac accompanied by facet hypertrophy with central spinal stenosis. There is also impression on the L3 nerve roots exiting from the thecal sac with lateral recess stenoses with broad extension of the disc herniation peripherally into and narrowing both foramina with L2 nerve root impressions and foraminal stenosis. The degree of foraminal stenosis is slightly increased on the right and appears stable on the left with similar lateral recess stenoses. There is again retrolisthesis.
At L3/4, there is also a larger broad disc herniation with an increasing right posterior component with caudad extension causing increasing right L4 nerve root impingement and lateral recess (NY St Cts Filing [NYSCEF] Doc No. 51).
Dr. Mendola provided in his affidavit,
December 12, 2022, I performed updated evaluation on Mr. Scaltrito. Mr. Scaltrito presented with active complaints of moderate to severe neck pain and back pain. Upon examination, Mr. Scaltrito's Range of Motion of his Cervical Spine was noted to be decreased range of motion with flexion to 40 degrees (normal=50 degrees), extension was to 45 degrees (normal=50 degrees), Cervical Rotation Right is 60 (normal = 90 degrees), Cervical Rotation Left is 65 (normal = 90 degrees), Cervical lateral right was 35 degrees (normal=45 degrees); Cervical lateral left was 35 (normal=45 degrees). Range of motion of the Cervical Spine was noted to be reduced in all planes with pain).
Thoracic flexion was 35 degrees (normal=45 degrees), rotation left is 20 (normal=30 degrees), Rotation right was 25 degrees (normal=30 degrees), lateral right was 35 degrees (normal=30 degrees), lateral left was 35 degrees (normal=45 degrees), Range of motion of the Thoracic Spine was noted to be reduced in all planes with pain).
Lumbar flexion was 45 degrees (normal=60 degrees); extension was 20 degrees (normal=25 degrees); Lumbar Rotation Left was 20 (normal = 30 degrees); Lumbar Rotation Right was 20 (normal=30 degrees); lateral right was 20 degrees (normal=25 degrees); lateral left was 15 degrees (normal=25 degrees). Range of motion of the Lumbar Spine was noted to be reduced in all planes with pain). (NY St Cts Filing [NYSCEF] Doc No. 57, pages 16-17).
Based on the evidence presented, the Defendant does not meet her prima facie burden of showing that the plaintiff did not sustain a serious injury because of the accident within the meaning of Insurance Law § 5102.
Accordingly, Defendant's request in Motion Sequence No. 003 seeking summary judgment and dismissing the matter as Plaintiff has failed to meet the "serious injury" threshold pursuant to Insurance Law § 5102 and Insurance Law § 5104 is DENIED, with prejudice.

 VI. Decretal Paragraphs
It is hereby ORDERED that Plaintiffs' request in Motion Sequence No. 002 for summary judgment as a matter of law on the issue of liability pursuant to CPLR § 3212 is DENIED; and it is further,
ORDERED, that Defendant's request in Motion Sequence No. 003 for summary judgment dismissing the matter as Plaintiff has failed to meet the "serious injury" threshold pursuant to Insurance Law § 5102 and Insurance Law § 5104 is DENIED, with prejudice; and it is further,
ORDERED, that counsel shall appear for a conference on the next appearance date of January 7, 2025, at 9:30 AM, at the Courthouse located at 26 Central Avenue, Courtroom 330, Staten Island, NY; and it is further,
ORDERED, that the Clerk of the Court shall enter judgment accordingly.
The foregoing shall constitute the Decision and Order of this Court. 
Dated: December 9, 2024
Staten Island, New York
E N T E R,
HON. RONALD CASTORINA, JR.
JUSTICE OF THE SUPREME COURT