Pemberton v Montoya (2023 NY Slip Op 02674)

Pemberton v Montoya

2023 NY Slip Op 02674

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2022-04601
 (Index No. 721057/21)

[*1]Eric Pemberton, appellant, 
v
John F. Rodriguez Montoya, respondent, et al., defendants.

Sutton & Smyth, LLP, New York, NY (Daniel E. Smyth and Leigh H. Sutton of counsel), for appellant.
Baker, McEvoy & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), dated May 23, 2022. The order denied the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendant John F. Rodriguez Montoya, and, in effect, granted that defendant's application to deem his verified answer to have been timely interposed.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, in effect, granted the application of the defendant John F. Rodriguez Montoya to deem his verified answer to have been timely interposed is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the application of the defendant John F. Rodriguez Montoya to deem his verified answer to have been timely interposed, and substituting therefor a provision denying the application; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when a vehicle operated by the defendant John F. Rodriguez Montoya came into contact with the motorized bicycle the plaintiff was riding at an intersection in Queens. In September 2021, Montoya was served with a summons and a complaint verified by the plaintiff's attorney. Montoya failed to answer the verified complaint or appear in the action within the 20-day statutory period (see CPLR 320[a]). In November 2021, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against Montoya. Montoya opposed the motion, submitting, among other things, a proposed answer verified by his attorney and an affirmation from his attorney in which Montoya, in effect, made an application to deem his verified answer to have been timely interposed. In an order dated May 23, 2022, the Supreme Court denied the plaintiff's motion and, in effect, granted Montoya's application. The plaintiff appeals.
On a motion pursuant to CPLR 3215 for leave to enter a default judgment, a plaintiff [*2]is required to submit proof of service of the summons and complaint, "proof of the facts constituting the claim," and proof of the defendant's default in answering or appearing (CPLR 3215[f]; see Roy v 81E98th KH Gym, LLC, 142 AD3d 985; Fried v Jacob Holding, Inc., 110 AD3d 56, 59). "To demonstrate 'the facts constituting the claim' the movant need only submit sufficient proof to enable a court to determine that 'a viable cause of action exists'" (Fried v Jacob Holding, Inc., 110 AD3d at 59-60, quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 71; see Roy v 81E98th KH Gym, LLC, 142 AD3d at 985). Once the plaintiff has made such a showing, the defendant, in order to avoid entry of a default judgment, "must show either that there was no default, or that [the defendant] has a reasonable excuse for its delay and a potentially meritorious defense" (Fried v Jacob Holding, Inc., 110 AD3d at 60; see Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651; Allstate Ins. Co. v Austin, 48 AD3d 720).
Here, the Supreme Court denied the plaintiff's motion on the ground that, in opposition, Montoya established a reasonable excuse for his default and demonstrated, through the denials and affirmative defenses asserted in his proposed verified answer, that he had a potentially meritorious defense. Although, as the plaintiff correctly concedes on appeal, the court properly determined that Montoya established a reasonable excuse for his default, the court erred in concluding that Montoya demonstrated a potentially meritorious defense. For purposes of establishing a potentially meritorious defense, "[a] verified pleading may be accepted in lieu of an affidavit of merit" (Juseinoski v Board of Educ. of City of N.Y., 15 AD3d 353, 356). Montoya's proposed answer, however, was verified by his attorney, not by Montoya himself. "[A] pleading verified by an attorney pursuant to CPLR 3020(d)(3), and not by someone with personal knowledge of the facts, is insufficient to establish its merits" (id. at 356). Accordingly, an answer verified by an attorney is insufficient to demonstrate that the defendant has a potentially meritorious defense (see State Farm Mut. Auto. Ins. Co. v Austin Diagnostic Med., P.C., 153 AD3d 576, 577; Ryan v Breezy Point Coop., Inc., 76 AD3d 523, 524). Since the court implicitly relied on the same erroneous determination when it, in effect, granted Montoya's application to deem his verified answer to have been timely interposed, that provision of the order appealed from must be deleted and replaced with a provision denying the application.
Nonetheless, we conclude that it was appropriate to deny the plaintiff's motion for leave to enter a default judgment against Montoya, albeit on a ground not relied upon by the Supreme Court, which has been raised by Montoya as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546). The plaintiff's motion should have been denied because he failed to satisfy his initial burden of submitting "proof of the facts constituting the claim" (CPLR 3215[f]).
First, although a verified complaint "may be used as the affidavit of the facts constituting the claim," the complaint "must contain evidentiary facts from one with personal knowledge since a pleading verified by an attorney pursuant to CPLR 3020(d)(3) is insufficient to establish its merits" (Triangle Props. #2, LLC v Narang, 73 AD3d 1030, 1032; see Roy v 81E98th KH Gym, LLC, 142 AD3d at 985-986; Jacobsen v S & F Serv. Ctr. Co., Inc., 131 AD3d 450, 452; see also Salch v Paratore, 60 NY2d 851, 852-853). Since the complaint in this case was verified only by the plaintiff's attorney, and not by the plaintiff, the plaintiff could not rely on its contents to supply proof of the facts constituting the claim.
Second, while the plaintiff also submitted a affidavit of merit in support of his motion, that affidavit stated only that the plaintiff "was struck by a motor vehicle" and was injured as a result. The affidavit does not identify any negligent act or omission by the driver of the motor vehicle, or even assert that the driver was negligent, and does not state that any act or omission of the driver caused the accident to occur. Thus, the plaintiff's affidavit does not contain "sufficient proof to enable a court to determine that a viable cause of action exists" (Fried v Jacob Holding, Inc., 110 AD3d at 59-60 [internal quotation marks omitted]; see Binder v Tolou Realty Assoc., Inc., 205 AD3d 870, 871; Caliguri v Pentagon Fed. Credit Union, 168 AD3d 802, 803; Roy v 81E98th KH Gym, LLC, 142 AD3d at 985; Jacobsen v S & F Serv. Ctr. Co., Inc., 131 AD3d at 451-452).
Thus, the plaintiff did not establish his entitlement to a default judgment against [*3]Montoya.
Montoya's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., ZAYAS, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court