Knudsen v Green Mach. Landscaping, Inc. (2024 NY Slip Op 00299)

Knudsen v Green Mach. Landscaping, Inc.

2024 NY Slip Op 00299

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-01590
 (Index No. 827/21)

[*1]Peter C. Knudsen, appellant, 
v
Green Machine Landscaping, Inc., et al., defendants.

Beal & Beal, Jericho, NY (Kenneth I. Beal of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated February 4, 2022. The order, insofar as appealed from, denied the plaintiff's unopposed motion for leave to enter a default judgment against the defendant Megan Murphy.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against, among others, the defendant Megan Murphy to recover damages for personal injuries the plaintiff allegedly sustained in a three-vehicle accident. Upon Murphy's failure to appear or answer, the plaintiff moved for leave to enter a default judgment against Murphy. In an affidavit submitted in support of the motion, the plaintiff alleged that, "[u]pon information and belief," the lead vehicle operated by Murphy "stopped short," which caused a chain-reaction collision with the second vehicle operated by another defendant and the third vehicle operated by the plaintiff. In an order dated February 4, 2022, the Supreme Court, inter alia, denied the plaintiff's unopposed motion for leave to enter a default judgment against Murphy. The plaintiff appeals.
"On a motion for leave to enter a default judgment pursuant to CPLR 3215, a plaintiff is required to submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default in answering or appearing" (Roy v 81E98th KH Gym, LLC, 142 AD3d 985, 985; see CPLR 3215[f]). "To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient proof to enable a court to determine if the cause of action is viable" (Clarke v Liberty Mut. Fire Ins. Co., 150 AD3d 1192, 1194; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 71).
Here, the Supreme Court properly denied the plaintiff's motion for leave to enter a default judgment against Murphy, as the plaintiff failed to satisfy his initial burden of submitting "proof of the facts constituting the claim" (CPLR 3215[f]). Although a verified complaint "may be used as the affidavit of the facts constituting the claim," the plaintiff could not rely on the contents of the complaint since it was verified only by the plaintiff's attorney and not by the plaintiff himself (id.; see Pemberton v Montoya, 216 AD3d 988, 990; First Franklin Fin. Corp. v Alfau, 157 AD3d 863, 865). Further, the plaintiff's affidavit submitted in support of his motion failed to set forth facts sufficient to satisfy his burden of establishing a viable cause of action against Murphy (see [*2]Pemberton v Montoya, 216 AD3d at 991; cf. Robayo v Aghaabdul, 109 AD3d 892, 893).
DUFFY, J.P., FORD, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court