Hersko v Hersko (2024 NY Slip Op 00893)

Hersko v Hersko

2024 NY Slip Op 00893

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-02436
2022-04090
 (Index No. 520492/21)

[*1]Isaac Hersko, etc., respondent, 
v
Barry Hersko, etc., et al., appellants, et al., defendant.

Blank Rome LLP, New York, NY (Craig M. Flanders, Harris N. Cogan, and David M. Jacobson of counsel), for appellants.
Abrams Fensterman, LLP, White Plains, NY (Anthony J. Genovesi, Lisa Colosi Florio, and Aaron Zucker of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory relief and to impose a constructive trust upon certain real properties, (1) the defendants Barry Hersko, Bella Hersko, Wilson-Hins Associates, Inc., Clark Wilson, Inc., Wilson Properties & Equities, Inc., Wilson Flat, Inc., Wilson Han Associates, Inc., Wilson-Mer Associates, Inc., B. Clark Associates, Inc., and 516 Kingston, LLC, appeal, by permission, from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated February 23, 2022, and (2) the defendants Barry Hersko, Wilson-Hins Associates, Inc., Clark Wilson, Inc., Wilson Properties & Equities, Inc., Wilson Flat, Inc., Wilson Han Associates, Inc., Wilson-Mer Associates, Inc., B. Clark Associates, Inc., and 516 Kingston, LLC, appeal from an order of the same court dated April 21, 2022. The order dated February 23, 2022, insofar as appealed from, sua sponte, enjoined the defendants Barry Hersko, Bella Hersko, Wilson-Hins Associates, Inc., Clark Wilson, Inc., Wilson Properties & Equities, Inc., Wilson Flat, Inc., Wilson Han Associates, Inc., Wilson-Mer Associates, Inc., B. Clark Associates, Inc., and 516 Kingston, LLC, from transferring or encumbering certain real properties. The order dated April 21, 2022, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants Wilson-Hins Associates, Inc., Clark Wilson, Inc., Wilson Properties & Equities, Inc., Wilson Flat, Inc., Wilson Han Associates, Inc., Wilson-Mer Associates, Inc., B. Clark Associates, Inc., and 516 Kingston, LLC, and that branch of the plaintiff's separate motion which was for leave to enter a default judgment against the defendant Barry Hersko, and, in effect, denied those defendants' motion for leave to file a surreply to the plaintiff's motions, among other things, for leave to enter a default judgment against each of them.
ORDERED that the order dated February 23, 2022, is reversed insofar as appealed from, on the law and in the exercise of discretion; and it is further,
ORDERED that the order dated April 21, 2022, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendants Barry Hersko, Wilson-Hins Associates, Inc., Clark Wilson, Inc., Wilson Properties & Equities, Inc., [*2]Wilson Flat, Inc., Wilson Han Associates, Inc., Wilson-Mer Associates, Inc., B. Clark Associates, Inc., and 516 Kingston, LLC.
The plaintiff commenced this action, alleging, inter alia, that the defendants Barry Hersko, Bella Hersko, Wilson-Hins Associates, Inc., Clark Wilson, Inc., Wilson Properties & Equities, Inc., Wilson Flat, Inc., Wilson Han Associates, Inc., Wilson-Mer Associates, Inc., B. Clark Associates, Inc., and 516 Kingston, LLC (hereinafter collectively the defendants), owned certain real properties located in Brooklyn (hereinafter the subject properties). The plaintiff sought, among other things, a declaration that he had a 50% interest in the subject properties and to impose a constructive trust upon them. After service of the summons and complaint, the defendants filed a notice of appearance and requested that the plaintiff consent to an extension of time to file an answer. The plaintiff did not consent. The defendants failed to timely file their answer, and the plaintiff made separate motions, inter alia, for leave to enter a default judgment against the defendants Wilson-Hins Associates, Inc., Clark Wilson, Inc., Wilson Properties & Equities, Inc., Wilson Flat, Inc., Wilson Han Associates, Inc., Wilson-Mer Associates, Inc., B. Clark Associates, Inc., and 516 Kingston, LLC (hereinafter collectively the corporate defendants), and against the defendants Barry and Bella Hersko. The defendants opposed the plaintiff's motions and thereafter moved for leave to submit a surreply in further opposition to the plaintiff's motions.
In an order dated February 23, 2022, the Supreme Court, inter alia, sua sponte, enjoined the defendants from transferring or encumbering the subject properties. In an order dated April 21, 2022, the Supreme Court, among other things, granted those branches of the plaintiff's separate motions which were for leave to enter a default judgment against the corporate defendants and against the defendant Barry Hersko (hereinafter together the defaulting defendants) and, in effect, denied the defendants' motion for leave to submit a surreply to the plaintiff's motions. These appeals followed. In a decision and order on motion decided herewith, this Court, among other things, granted the defendants' motion for leave to appeal from the order dated February 23, 2022.
"On a motion pursuant to CPLR 3215 for leave to enter a default judgment, a plaintiff is required to submit proof of service of the summons and complaint, 'proof of the facts constituting the claim,' and proof of the defendant's default in answering or appearing" (Pemberton v Montoya, 216 AD3d 988, 989, quoting CPLR 3215[f]). "Once the plaintiff has made such a showing, the defendant, in order to avoid entry of a default judgment, must show either that there was no default, or that [the defendant] has a reasonable excuse for its delay and a potentially meritorious defense" (Pemberton v Montoya, 216 AD3d at 989 [internal quotation marks omitted]). "The determination as to whether an excuse is reasonable is committed to the sound discretion of the motion court" (Deutsche Bank Natl. Trust Co. v Allenstein, 201 AD3d 783, 786).
Here, the Supreme Court providently exercised its discretion in granting those branches of the plaintiff's separate motions which were for leave to enter a default judgment against each of the defaulting defendants, as they failed to offer a reasonable excuse for their default in answering the complaint (see Windward Bora, LLC v Lodico, 206 AD3d 1038, 1039; Wilmington Trust, N.A. v Ashe, 189 AD3d 1130, 1132; OneWest Bank v Schiffman, 175 AD3d 1543, 1545). The court also properly determined that the defaulting defendants failed to establish a potentially meritorious defense to the action (see Wise v Classon Vil., L.P., 172 AD3d 1444, 1446; Jian Hua Tan v AB Capstone Dev., LLC, 163 AD3d 937, 938-939; New York Hosp. Med. Ctr. of Queens v Insurance Co. of State of Pa., 16 AD3d 391, 392).
While the defaulting defendants contend that they did not default because they timely appeared and actively participated in the action, this contention is improperly raised for the first time on appeal (see Knowles v Schaeffer, 70 AD3d 897, 898).
The Supreme Court, however, should not have, sua sponte, enjoined the defendants from transferring or encumbering the subject properties. "Generally, a court may, in its discretion, grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party" (Newburgh Commercial Dev. Corp. v Cappelletti, 216 AD3d 978, 981 [*3][internal quotation marks omitted]). Here, since the plaintiff did not seek the relief granted or raise such an issue in his motions, the defendants were not afforded the opportunity to address this issue and were thus prejudiced (see id. at 981; Robinson v Big City Yonkers, Inc., 179 AD3d 961, 963). Moreover, the plaintiff's proof did not support the relief granted.
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
DILLON, J.P., MILLER, WARHIT and VENTURA, JJ., concur.

2022-02436 DECISION & ORDER ON MOTION
2022-04090
Isaac Hersko, etc., respondent, v Barry Hersko, etc.,
et al., appellants, et al., defendant.
(Index No. 520492/21)

Motion by the respondent, inter alia, to dismiss the appeal from the order dated February 23, 2022, in effect, on the ground that the order is not appealable as of right and leave to appeal has not been granted, and to strike stated portions of the appellants' brief addressing that order. Cross-motion by the appellants for leave to appeal from the order dated February 23, 2022. By decision and order on motion of this Court dated February 24, 2023, the branches of the motion which are to dismiss the appeal from the order dated February 23, 2022, and to strike stated portions of the appellants' brief addressing that order, and the cross-motion were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the cross-motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branches of the motion which are to dismiss the appeal from the order dated February 23, 2022, and to strike stated portions of the appellants' brief addressing that order are denied; and it is further,
ORDERED that the cross-motion for leave to appeal from the order dated February 23, 2022, is granted.
DILLON, J.P., MILLER, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court