Cooper v Benbow (2024 NY Slip Op 03820)

Cooper v Benbow

2024 NY Slip Op 03820

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2020-04422
 (Index No. 502302/18)

[*1]Mr. Cooper, etc., respondent, 
v
Koren Benbow, appellant, et al., defendant.

Koren Benbow, Brooklyn, NY, appellant pro se.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret S. Stefandl and Harold Kofman of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 and Real Property Law § 329 to cancel of record a discharge of a mortgage and for declaratory relief, the defendant Koren Benbow appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated May 19, 2020. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against that defendant and to cancel of record the discharge of the subject mortgage.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 7, 2008, the defendant Koren Benbow (hereinafter the defendant) executed a note in the amount of $770,000 in favor of Golden First Mortgage Corp. (hereinafter Golden First). The note was secured by a mortgage on certain real property located in Brooklyn.
On March 20, 2015, a discharge of the subject mortgage was recorded.
In February 2018, the plaintiff, Golden First's successor in interest, commenced this action pursuant to RPAPL article 15 and Real Property Law § 329 to cancel of record the discharge of the mortgage on the ground that it was erroneous and for declaratory relief. The plaintiff alleged that, despite a satisfaction of the mortgage being recorded, the mortgage remained unsatisfied. The plaintiff also alleged that "Borrower is fully aware that there is an outstanding debt owed to the Plaintiff on the Mortgage."
A process server stated in an affidavit that he served the defendant by leaving the summons and complaint with someone of suitable age and discretion at the defendant's residence on April 27, 2018, and by mailing a copy of the summons and complaint to the defendant at the same address on May 3, 2018. The defendant does not dispute that her answer was to be served by June 17, 2018.
On June 3, 2019, the defendant filed an answer, which was dated March 1, 2018. On June 6, 2019, the plaintiff rejected the defendant's answer as untimely.
In September 2019, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and to cancel of record the discharge of the mortgage. The defendant opposed the motion, arguing, among other things, that her answer was timely served. The defendant submitted a certificate of service stating that the plaintiff had been served with the answer on March 1, 2018—almost two months before the defendant was served with the summons and complaint to which the answer responded. In an order dated May 19, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. The defendant appeals.
The Supreme Court properly granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and to cancel of record the discharge of the mortgage. On a motion pursuant to CPLR 3215 for leave to enter a default judgment, a plaintiff is required to submit proof of service of the summons and complaint, "proof of the facts constituting the claim," and proof of the defendant's default in answering or appearing (id. § 3215[f]; see Pemberton v Montoya, 216 AD3d 988, 989). Here, the evidence submitted by the plaintiff established, prima facie, that the defendant defaulted in answering the complaint. In opposition, the defendant failed to demonstrate that her answer was timely served (see CPLR 3012[a]).
"[W]here the plaintiff has demonstrated, prima facie, that a defendant is in default because he or she 'failed to appear' within the meaning of CPLR 3215(a), that defendant is generally precluded from raising any nonjurisdictional defense without first rebutting the prima facie showing of default and obtaining leave to serve a late answer" (Aurora Loan Servs., LLC v Jemal, 205 AD3d 661, 663). Thus, the defendant's contention that the discharge of the mortgage was not erroneously recorded is precluded by her default.
The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court