Jin Gang Huang v Long Hing Kitchen, Inc. (2026 NY Slip Op 01776)

Jin Gang Huang v Long Hing Kitchen, Inc.

2026 NY Slip Op 01776

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2024-08702
 (Index No. 706860/20)

[*1]Jin Gang Huang, etc., appellant, 
vLong Hing Kitchen, Inc., etc., et al., defendants.

Troy Law, PLLC, Flushing, NY (John Troy, Aaron Schweitzer, and Tiffany Troy of counsel), for appellant.

DECISION & ORDER
In a putative class action, inter alia, to recover damages for unpaid wages, the plaintiff appeals from an order and amended judgment (one paper) of the Supreme Court, Queens County (Joseph Risi, J.), entered July 18, 2024. The order and amended judgment, insofar as appealed from, after an inquest, (1) denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants Youngdi Chou, Jin Bao Lin, Yi Jane Lin, Yuk Ngun Cheng, Xue Yun Chen, and Sheng Piao Chen, (2) awarded the plaintiff liquidated damages in the sum of $0 and is in favor of the plaintiff and against only the defendants Long Hing Kitchen, Inc., and New China Fun Restaurant, Inc., jointly and severally, in the principal sum of only $45,508.92, and (3), in effect, is in favor of the defendants Youngdi Chou, Jin Bao Lin, Yi Jane Lin, Yuk Ngun Cheng, Xue Yun Chen, and Sheng Piao Chen and against the plaintiff dismissing the complaint insofar as asserted against the defendants Youngdi Chou, Jin Bao Lin, Yi Jane Lin, Yuk Ngun Cheng, Xue Yun Chen, and Sheng Piao Chen.
ORDERED that the order and amended judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the complaint is reinstated insofar as asserted against the defendants Youngdi Chou, Yi Jane Lin, Yuk Ngun Cheng, Xue Yun Chen, and Sheng Piao Chen, that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Jin Bao Lin is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith and the entry of an appropriate second amended judgment thereafter, inter alia, awarding the plaintiff liquidated damages in the principal sum of $21,259.19.
In June 2020, the plaintiff commenced this putative class action, inter alia, to recover damages for unpaid wages. The complaint alleged that from June 3, 2019, to October 30, 2019, the plaintiff worked as a "Kitchen Worker and Delivery" for the defendants Long Hing Kitchen, Inc., (hereinafter Long Hing), and New China Fun Restaurant, Inc. (hereinafter China Fun and, together with Long Hing, the corporate defendants), as well as the defendants Youngdi Chou, Jin Bao Lin, Yi Jane Lin, Yuk Ngun Cheng, Xue Yun Chen, and Sheng Piao Chen (hereinafter collectively the individual defendants). The complaint asserted causes of action alleging, among other things, violations of the Wage Theft Prevention Act (see Labor Law § 195[3]) and the Minimum Wage Act (id. art 19).
The defendants were served with the summons and verified complaint but failed to [*2]answer or otherwise appear in the action. In April 2023, the plaintiff moved for leave to enter a default judgment against the defendants. The plaintiff also moved pursuant to Labor Law §§ 198 and 663 for an award of attorneys' fees and costs. The defendants failed to oppose the motions. By order dated June 23, 2023, the Supreme Court granted the plaintiff's separate motions only "to the extent that the matter is set down for an inquest and hearing as to attorneys' fees."
At the inquest, the plaintiff sought to testify as to whether the individual defendants were his employers under the Labor Law. However, after eliciting testimony about Jin Bao Lin's relationship to the plaintiff and beginning to question the plaintiff about Youngdi Chou, the Supreme Court stated that it would not enter a judgment against the individual defendants on the basis that the plaintiff was unable to identify the individual defendants' positions within either of the corporate defendants. Over objections from the plaintiff's counsel, the court disallowed further questioning as to the connection between the individual defendants and the plaintiff. After the inquest, the court determined that the plaintiff was entitled to recover $0 for liquidated damages.
In an order and amended judgment entered July 18, 2024, after the inquest, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the individual defendants and awarded the plaintiff the total principal sum of $45,508.92, jointly and severally, against the corporate defendants. That total sum comprised of, among other things, an award of $21,259.19 for compensatory damages and $0 for liquidated damages. The court also, in effect, dismissed the complaint insofar as asserted against the individual defendants. The plaintiff appeals.
Pursuant to the Labor Law, "[i]n any action instituted in the courts upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due" (Labor Law § 198[1-a] [emphasis added]; see id. § 663[1]). The burden is on the employer to demonstrate good faith (see Grant v Global Aircraft Dispatch, Inc., 223 AD3d 712, 718-719; Tezoco v GE & LO Corp., 199 AD3d 541, 543).
Where, as here, the defendants are in default, the record is devoid of any evidence of a good-faith belief that underpayment of the plaintiff's wages was in accordance with the law (see Cao v Wedding in Paris LLC, 727 F Supp 3d 239, 298 [ED NY]; Zabrodin v Silk 222, Inc., 702 F Supp 3d 102, 122 [ED NY]; Burns v Scott, 635 F Supp 3d 258, 281 [SD NY]). Therefore, the Supreme Court should have awarded the plaintiff liquidated damages in the amount of $21,259.19, equal to the total wages found to be due (see Labor Law §§ 198[1-a], 663[1]; Tezoco v GE & LO Corp., 199 AD3d at 543).
"On a motion pursuant to CPLR 3215 for leave to enter a default judgment, a plaintiff is required to submit proof of service of the summons and complaint, 'proof of the facts constituting the claim,' and proof of the defendant's default in answering or appearing" (Pemberton v Montoya, 216 AD3d 988, 989, quoting CPLR 3215[f]; see Hersko v Hersko, 224 AD3d 810, 812). "To demonstrate the facts constituting the claim[,] the movant need only submit sufficient proof to enable a court to determine that a viable cause of action exists" (Pemberton v Montoya, 216 AD3d at 989 [internal quotation marks omitted]; see Fried v Jacob Holding, Inc., 110 AD3d 56, 59-60). "A verified complaint may be submitted instead of the affidavit when the complaint has been properly served" (Rosenzweig v Gubner, 194 AD3d 1086, 1088 [internal quotation marks omitted]; see Triangle Props. #2, LLC v Narang, 73 AD3d 1030, 1032).
"'For liability to attach under . . . the [Labor Law], a defendant must be an employer'" (Shujing Yu v Mask Pot, Inc., 241 AD3d 726, 727, quoting Cho v Osaka Zen Spa, 2024 WL 3360619, *7, 2024 US Dist LEXIS 121369, *12 [SD NY No. 19-cv-7935 (ER)]). "[T]he [Labor Law] defines 'employer' as 'any person [or corporation] . . . employing any individual in any occupation, industry, trade, business, or service,' or 'any individual . . . acting as employer'" (Wang [*3]v Leo Chuliya Ltd., 2024 WL 324789, *4, 2024 US Dist LEXIS 15300, *10 [SD NY No. 20-cv-10395 (JLR)]), quoting Labor Law §§ 190[3], 651[6]). Under the economic reality test, "the overarching concern is whether the alleged employer possessed the power to control the workers in question" (Shujing Yu v Mask Pot Inc., 241 AD3d at 728 [internal quotation marks omitted]; see Herman v RSR Sec. Services Ltd., 172 F3d 132, 139 [2d Cir]). As such, in applying the economic reality test, which treats employment "as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances" (Barfield v New York City Health & Hosps. Corp., 537 F3d 132, 141-142 [2d Cir]), courts first look to "whether an [alleged] employer exercised 'formal control' over a worker" (Fernandez v HR Parking Inc., 407 F Supp 3d 445, 451 [SD NY]). Under the formal control test, the relevant factors include "whether the alleged employers (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records" (Shujing Yu v Mask Pot, Inc., 241 AD3d at 728 [internal quotation marks omitted]; see Carter v Dutchess Community Coll., 735 F2d 8, 12 [2d Cir]).
Here, assuming that the Supreme Court properly considered the issues of both liability and damages at the inquest (see Martino v Chenel Capital, LLC, 235 AD3d 498, 499; see also HF Mgt. Servs., LLC v Dependable Care, LLC, 198 AD3d 457, 458), based on the verified complaint and the plaintiff's testimony at the inquest, the plaintiff demonstrated that Jin Bao Lin had formal control over him and was his employer pursuant to the Labor Law. Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to enter a default judgment against Jin Bao Lin and directed that Jin Bao Lin was jointly and severally liable for the damages awarded to the plaintiff (see Jimenez v Green Olive Inc., 744 F Supp 3d 221, 248 [ED NY]; Tezoco v GE & LO Corp., 199 AD3d at 543).
Concerning the individual defendants other than Jin Bao Lin, in light of the Supreme Court's failure to hear the plaintiff's testimony, a new inquest is warranted to allow the plaintiff an opportunity to present evidence on whether those individual defendants constituted the plaintiff's employer for the purposes of the Labor Law and for the entry of an appropriate second amended judgment thereafter, inter alia, awarding the plaintiff liquidated damages in the principal sum of $21,259.19 (see Nunez v Bardwil, 145 AD3d 909, 910; Rawlings v Gillert, 104 AD3d 929, 931).
The plaintiff's remaining contention is improperly raised for the first time on appeal.
GENOVESI, J.P., DOWLING, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court