Benjamin v LaSalle Bank, N.A.

2026 NY Slip Op 02094

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Chittra Benjamin, etc., appellant-respondent,

v

LaSalle Bank, N.A., respondent, U.S. Bank, National Association, etc., respondent-appellant, et al., defendant. PM Law P.C., Forest Hills, NY (Pankaj Malik of counsel), for appellant-respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2019-09843, (Index No. 715088/18)

Mark C. Dillon, J.P.

Cheryl E. Chambers

Lillian Wan

James P. Mccormack, JJ.

McCalla Raymer Leibert Pierce, New York, NY (Sean Howland of counsel), for respondent-appellant.

[*1]

DECISION & ORDER

In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals, and the defendant U.S. Bank, National Association cross-appeals, from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered July 25, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant U.S. Bank, National Association which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it by the plaintiff, denied that branch of the cross-motion of the plaintiff and David Benjamin which was for leave to enter a default judgment against the defendant LaSalle Bank, N.A., and granted that branch of the cross-motion of the defendant LaSalle Bank, N.A., which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it. The order, insofar as cross-appealed from, denied that branch of the motion of the defendant U.S. Bank, National Association which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it by David Benjamin.

ORDERED that the order is reversed insofar as appealed from, on the law, that branch of the motion of the defendant U.S. Bank, National Association which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it by the plaintiff is denied, that branch of the cross-motion of the plaintiff and David Benjamin which was for leave to enter a default judgment against the defendant LaSalle Bank, N.A., is granted, and that branch of the cross-motion of the defendant LaSalle Bank, N.A., which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it is denied; and it is further,

ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,

ORDERED that one bill of costs is awarded to the plaintiff payable by the defendants U.S. Bank, National Association and LaSalle Bank, N.A.

On May 25, 2007, David Benjamin (hereinafter the decedent) executed a note in the sum of $594,000, which was secured by a mortgage executed by the decedent and the plaintiff, [*2]Chittra Benjamin (hereinafter Chittra and, together with the decedent, the Benjamins), on certain residential property located in South Ozone Park. In December 2008, the mortgage and note were assigned to LaSalle Bank, N.A. (hereinafter LaSalle).

On January 8, 2009, LaSalle commenced an action (hereinafter the 2009 action) against the Benjamins, among others, to foreclose the mortgage. The decedent interposed an answer, but Chittra did not. In a decision dated September 9, 2009, the Supreme Court, among other things, determined that LaSalle's motion, inter alia, for summary judgment on the complaint insofar as asserted against the decedent, to strike the decedent's answer, and for an order of reference should be granted. On September 17, 2014, LaSalle's successor in interest assigned the mortgage to U.S. Bank, National Association (hereinafter U.S. Bank). In an order entered December 15, 2015 (hereinafter the December 2015 order), the court, among other things, vacated the decision dated September 9, 2009, in effect, granted that branch of the Benjamins' motion which was pursuant to CPLR 3215 to dismiss the complaint insofar as asserted against Chittra as abandoned, and thereupon, directed dismissal of the complaint in its entirety on the ground that Chittra was a necessary party. In a decision and order dated September 12, 2018, this Court affirmed the December 2015 order (see LaSalle Bank N.A. v Benjamin, 164 AD3d 1223).

On October 3, 2018, the Benjamins commenced this action against LaSalle pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. LaSalle interposed an answer dated December 5, 2018. Thereafter, the Benjamins served a supplemental summons and amended verified complaint dated December 18, 2018, adding U.S. Bank and another party as defendants.

In January 2019, U.S. Bank moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it, arguing, inter alia, that it was entitled to the benefit of the six-month savings provision under CPLR 205(a) to commence a new mortgage foreclosure action. The Benjamins opposed the motion and cross-moved, among other things, for leave to enter a default judgment against LaSalle. Thereafter, LaSalle cross-moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it. The Benjamins opposed LaSalle's motion. In an order entered July 25, 2019, the Supreme Court, among other things, (1) granted that branch of U.S. Bank's motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it by Chittra, (2) denied that branch of U.S. Bank's motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it by the decedent, (3) denied that branch of the Benjamins' cross-motion which was for leave to enter a default judgment against LaSalle, and (4) granted that branch of LaSalle's cross-motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it. The Benjamins appealed, and U.S. Bank cross-appealed. During the pendency of the appeal, the decedent died, and Chittra, as administrator of the decedent's estate, was substituted for the decedent.

"Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired" (97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1041 [internal quotation marks omitted]; see Collins v Bank of N.Y. Mellon, 227 AD3d 948, 950). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "Where the mortgage debt is accelerated, the entire balance of the debt accrues and the statute of limitations begins to run on the full amount due" (Citibank, N.A. v Horan, 230 AD3d 1216, 1217). An acceleration of a mortgage debt can occur "when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (Milone v US Bank N.A., 164 AD3d 145, 152; see 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d at 1041; Citibank, N.A. v Horan, 230 AD3d at 1217; Collins v Bank of N.Y. Mellon, 227 AD3d at 950).

"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint is to be afforded a liberal construction, the facts alleged are [*3]presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Martinez v NYC Health & Hosps. Corp., 223 AD3d 731, 732 [internal quotation marks omitted]; see Weill v East Sunset Park Realty, LLC, 101 AD3d 859, 859). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Nyari v Onefater, 171 AD3d 936, 937 [internal quotation marks omitted]; see Truesource, LLC v Niemeyer, 223 AD3d 694, 695).

Here, the 2009 action was commenced on January 8, 2009, and LaSalle elected in the complaint to "declare the balance of the principal indebtedness immediately due and payable." The 2009 action terminated on September 12, 2018, when this Court affirmed the December 2015 order directing dismissal of the 2009 action (see U.S. Bank N.A. v Coleman, 215 AD3d 780, 782). When this action pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage was commenced on October 3, 2018, more than six years had elapsed since the debt was accelerated. On February 7, 2019, within six months of the termination of the 2009 action, U.S. Bank commenced an action (hereinafter the 2019 action) against the Benjamins, and another defendant, inter alia, to foreclose the mortgage.

Contrary to U.S. Bank's contention, it is not entitled to the benefit of the six-month savings provision under CPLR 205(a) to commence a new mortgage foreclosure action, because the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec 30, 2022]) replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions upon instruments described in CPLR 213(4) (see id. § 205[c]; Wells Fargo Bank, N.A. v Brandt, 230 AD3d 623, 625). U.S. Bank's contentions that FAPA and, more specifically, CPLR 205-a do not apply retroactively are without merit (see Deutsche Bank Natl. Trust Co. v Vista Holding, LLC, 239 AD3d 830; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d at 1042). Contrary to U.S. Bank's contention, the retroactive application of FAPA does not violate the Due Process Clause of either the United States Constitution or the New York State Constitution (see Deutsche Bank Natl. Trust Co. v Feurtado, 241 AD3d 499; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1069; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d at 1039-1042).

As relevant here, under CPLR 205-a(a), "[i]f an action upon an instrument described under [CPLR 213(4)] is timely commenced and is terminated in any manner other than . . . a dismissal of the complaint for any form of neglect, including, but not limited to those specified in [CPLR 3215], the original plaintiff, or, if the original plaintiff dies and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination" (U.S. Bank Trust, N.A. v Giangrande, 229 AD3d 834, 836 [internal quotation marks omitted]). Thus, under CPLR 205-a, a mortgage foreclosure plaintiff "may not take advantage of the six-month savings provision if the prior action was dismissed pursuant to CPLR 3215" (Deutsche Bank Natl. Trust Co. v Feurtado, 241 AD3d at 501). Additionally, CPLR 205-a(a)(1) provides that "a successor in interest or an assignee of the original plaintiff shall not be permitted to commence the new action, unless pleading and proving that such assignee is acting on behalf of the original plaintiff."

Here, U.S. Bank was not the original plaintiff in the 2009 action and it has neither pleaded nor proved that it is acting on behalf of the original plaintiff. Accordingly, U.S. Bank failed to demonstrate that it is entitled to the benefit of the six-month savings provision of CPLR 205-a to commence a new mortgage foreclosure action against either Chittra or the decedent (see Johnson v Cascade Funding Mtge. Trust 2017-1, 220 AD3d 929, 932).

Moreover, U.S. Bank is not entitled to the benefit of CPLR 205-a with respect to a cause of action to foreclose the mortgage insofar as asserted against Chittra for the additional reason that the complaint insofar as asserted against Chittra in the 2009 action was dismissed pursuant to [*4]CPLR 3215 (see id. § 205-a[a]; Collins v Bank of N.Y. Mellon, 227 AD3d at 951; LaSalle Bank N.A. v Benjamin, 164 AD3d 1223).

Accordingly, the Supreme Court properly denied that branch of U.S. Bank's motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it by the decedent. However, the court should have denied that branch of the motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it by Chittra (see Collins v Bank of N.Y. Mellon, 227 AD3d at 951; see generally Guggenheimer v Ginzburg, 43 NY2d 268, 275).

The Supreme Court should have denied that branch of LaSalle's cross-motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it. LaSalle's contention that it was not a proper party to this action because it no longer existed after 2007 is contradicted by the record, including by LaSalle's own assertions in prosecuting the 2009 action to foreclose the mortgage (see LaSalle Bank N.A. v Benjamin, 164 AD3d 1223) and by the fact that LaSalle answered the original complaint in this action.

The Supreme Court should have granted that branch of the Benjamins' cross-motion which was for leave to enter a default judgment against LaSalle. On a motion pursuant to CPLR 3215 for leave to enter a default judgment, a plaintiff is required to submit proof of service of the summons and complaint, "proof of the facts constituting the claim," and proof of the defendant's default in answering or appearing (id. § 3215[f]; see Pemberton v Montoya, 216 AD3d 988, 989; Roy v 81E98th KH Gym, LLC, 142 AD3d 985, 985; Fried v Jacob Holding, Inc., 110 AD3d 56, 59). "To demonstrate 'the facts constituting the claim' the movant need only submit sufficient proof to enable a court to determine that 'a viable cause of action exists'" (Fried v Jacob Holding, Inc., 110 AD3d at 59-60, quoting Woodson v Mendon Leasing Corp., 100 NY2d 62, 70-71; see Roy v 81E98th KH Gym, LLC, 142 AD3d at 985). A verified complaint "may be used as the affidavit of the facts constituting the claim" where it contains "evidentiary facts from one with personal knowledge" (Pemberton v Montoya, 216 AD3d at 990). Once the plaintiff has made such a showing, the defendant, in order to avoid entry of a default judgment, "must show either that there was no default, or that [the defendant] has a reasonable excuse for its delay and a potentially meritorious defense" (Fried v Jacob Holding, Inc., 110 AD3d at 60; see Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651). Here, the Benjamins made the requisite showing and, in opposition, LaSalle failed to demonstrate either that there was no default or that it had a reasonable excuse for its delay and a potentially meritorious defense.

U.S. Bank's remaining contention is without merit.

DILLON, J.P., CHAMBERS, WAN and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court